LAW OFFICES OF

# AMBROSE WOTORSON
A PROFESSIONAL CORPORATION
SUITE 1803
30 VESEY STREET
NEW YORK, N.Y. 10007
TELEPHONE: 646-242-0227
FACSIMILE: 212-732-4923

March 10, 2014

Honorable Margo K. Broadie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: <u>Halsted, et al. v. City of New York, et al.</u>
                    13-cv-4874 (MKB) (VVP)

Dear Honorable Judge Broadie:

This office represents the plaintiffs in the above-styled action. We write in response to defendants' letter seeking a pre-motion conference to dismiss this case under Rule 12(b)(6). For the reasons that follow, the proposed motion is without merit.

Defendants were served with a proposed Amended Complaint before they wrote the instant pre-motion letter to this Court. That proposed Amended Complaint has now been filed.

Plaintiff's "real grievance" has been made plain in the Amended Complaint: the individual defendants executed demonstrably false affidavits, which ultimately had the effect of trammeling plaintiff's due process rights. These fraudulent activities, while acting under color of law, were not discovered until the City of New York recorded a deed on or about January 11, 2013. Plaintiff was unable to discover the affidavits -- which defendant's concealed -- until he received notice that the deed had been recorded. Upon his inspection of the of the recording instruments, Dwight Halstead, one of the plaintiffs herein, learned in July 2013, that defendants had committed fraud by executing false affidavits attesting to their compliance with required posting rules.

Plaintiffs contend that the recording of the deed had the effect of completing the fraud. Indeed, the plaintiffs were diligently pursuing other forms of relief. Defendants did record the deed until that related litigation had ended.

It is settled that statue of limitations are tolled, where illegal activity is intentionally concealed, and a plaintiff could not have reasonably discovered it sooner because of defendants' concealment. *Keitt v. New York City, et. al., 882 F.Supp 2d 412 (S.D.N.Y.*

*2011 ) (Keitt, Magistrate's Report and Reccommendation, citing Pace v. DiGulielmo, 544 U.S. 408, 418 (2005)).* Here, plaintiff did not is discover the affidavits until July 2013, because defendants did not disclose them until January 11, 2013. Section 1983's limitations period should be tolled until plaintiffs' discovery of the affidavits only after the deed was recorded.

CPLR 2003 is inapposite because plaintiffs do not seek to void the subject sale/auction. They merely wish to obtain damages against the government and those government officials who committed fraud, and thereby, violated plaintiffs' procedural and substantive due process rights.

Here, the Sheriff's Department executed affidavits attesting to the posting of a proposed auction/sale. In fact, no advertisements were posted in a federal Post office or at any of the other locations claimed in the affidavits, and no proof of the same is available, other than the Sheriffs' say so. Moreover, third parties with whom plaintiffs have been in contact, assert that no such postings were even permitted in those locations referenced in the affidavits.

Qualified immunity does not protect false affiants, and defendants' suggestions that it does, is without merit.

Defendants' *res judicata* claims are also meritless since the instant action does not challenge the underlying sale. Rather, the instant lawsuit attacks individual defendant's execution of false affidavits, the resulting damages of which were an auction/sale. The sale, and plaintiffs' loss of property are merely items of damages, not causes of action.

With respect to the Monell claims, plaintiffs are alleging that municipal defendant have a practice, policy and custom of permitting Sheriffs to notarize their own affidavits, of allowing them to offer false affidavits, without contemporaneous proof.

In light of the foregoing, we therefore respectfully request that April 3, 2014 conference proceed as is previously-scheduled, since defendants proposed 12(b)(6) motion is without merit.

Respectfully,
    s//
Ambrose Wotorson, (AWW-2412)